**LEMPCO PRODUCTS, Inc., et al. v. SIMMONS et al.**

**Civil Action No. 20554.**

District Court, N. D. Ohio, E. D.

June 26, 1942.

Fay Macklin, Golrick, Williams, Chilton & Isler, of Cleveland, Ohio, for plaintiff.

Ralph Kalish, of St. Louis, Mo., and Squire, Sanders & Dempsey, of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

The defendant is charged with infringement of Miller patent No. 1,949,971 for brake gauge adapter. The charge of infringement is based on the sale by defendant of certain combination precision grinders and calipers described in the Barrett patent No. 2,187,962 (Plfs. Ex. 5).

The defense to such charge is two-fold: Non-infringement and invalidity. The answer alleges that the plaintiffs' patent is invalid for three reasons:

1. That the alleged invention was disclosed in numerous prior art patents and printed publications.

2. That the alleged invention did not contain or embody any patentable novelty but involved merely the skill and judgment of an ordinary mechanic.

3. That the claims of the patent recited mere aggregations of unrelated and non-cooperating elements.

As the plaintiffs say, at page 21 of their brief: "The real issue in this case is that of validity. Does what the patentees did, arise to the dignity of invention or did they merely exercise the ordinary and usual skill of the mechanic?"

The evidence convinces the court that there is infringement if the plaintiffs' patent is valid. At page 142 of the record, counsel for defendant seems to concede infringement, and at page 171 of the record, counsel for defendant says: "We would infringe claim 1, as I explained to your Honor in Chambers—if the claim was good."

Plaintiffs say that the patent is valid because—

1. The combination of parts set forth in the claims is new;

2. The novelty amounts to invention because the combination produced results unattainable by the prior art devices or any combinations of elements suggested thereby, and the tool has great utility and supplied a long-felt need;

3. The prior art patents relied on as anticipatory are very old and taken from a non-analogous art.

Plaintiffs' claim is based on the adapter, as the title of their patent indicates.

On the same page of the record where counsel for defendant mentions infringement (p. 171) he proceeds at once to state: "But we show here by the American Machinist the identical structure twenty years ago, element for element. You can mount in this adapter this chuck, whatever you want to call it, this machine, Miller machine, anything you want; it does not change the function a particle of this machine. That is the whole situation."

And counsel for plaintiffs further simplify the issue by quoting a statement made by the court at the time of trial: "If we arrive at the point where there are parts collected from some other prior art that perform the function of this patent, we would still have to determine whether or not the combination or aggregation of these parts constitutes a patent". In other words, does the plaintiffs' device amount to invention or is their combination of parts merely the result of mechanical skill?

A careful study of the testimony and the prior patents and publications reveals a highly developed field of experimentation or art. A number of patent applications for substantially similar structures were pending at the same time. All the parts of the plaintiffs' combination were previously revealed and the function and effect of the combination was clearly indicated. The court therefore is unable to find in the plaintiffs' device that novelty or evidence of creative genius which is recognized as invention. Its function is performed, as was stated in an earlier Miller patent, "in a manner well known to those versed in the art".

It seems to the court that the Schofield British patent No. 115,983 disclosed substantially the same thing as the adapter of the Miller patent. The American Machinist, published in 1919 (Deft's Ex. BB), reveals an exemplification of the Miller adapter. The purpose of the Miller patent seems to have been realized by the device described: "There is no question but that the casting will run true; there is nothing else for it to do, and as it is supported firmly at both ends, real work can be done upon it without danger of its shifting."

The presumption of validity which attaches to plaintiffs' patent is largely overcome by the fact that none of the specific patents and publications which the defendant brought to the court's attention were cited or mentioned by the patent office in its consideration of the application.

It appears to the court that the concept of providing a structure, whether called a chuck or adapter, having pins

radially shiftable by cam means for engaging axles, spindles, or shafts of different sizes and contour, had become a part of the general fund of human knowledge and had been put into use prior to the application for the Miller patent. The court therefore finds that plaintiffs' patent is invalid for want of invention, and the plaintiffs' complaint is dismissed at plaintiffs' costs. A finding of facts and conclusions of law may be prepared in accordance with the rules.